DOLBEAR, *Plaintiff in Error*, v. NORDUFT.

1. **Mortgage With Power of Sale :** ASSIGNEE. A mortgage with power of sale in the mortgagee, and, in certain contingencies, in the sheriff of the county, does not by assignment vest such power of sale in the assignee.

2. ――――: ―――― : EQUITY OF REDEMPTION. A purchaser, at such foreclosure by the assignee, with notice that the mortgage was unsatisfied acquires only the equity of redemption.

*Appeal from Cape Girardeau Circuit Court.*—Hon. J. D. Foster, Judge.

Affirmed.

*Marshall Arnold* and *R. L. Wilson* for plaintiff in error.

(1) Defendant having purchased at a sale absolutely void took nothing, especially as he bought at his own peril *in invitum.* Story's Eq. Juris. (12 Ed.) secs. 1502, 1505 ; *Haley v. Bagley,* 37 Mo. 364. (2) The proof shows that Henry C. Norduft was the owner of the notes, and the statutes gave him the legal right to enter satisfaction of the mortgage, which he did. R. S., sec. 3311 ; *Ewing v. Shelton,* 34 Mo. 521 ; *Verges v. Giboney,* ·47 Mo. 173. The satisfaction of the mortgage extinguished the incumbrance on the title for the benefit of the owner of it. *Gale v. Mensing,* 20 Mo. 463 ; *Jones v. Mack,* 53 Mo. 152; *McNair v. Picotte,* 33 Mo. 71. (3) The assignment was not necessary for a transfer of the debt ; it did not transfer the realty, because the mortgage was to Volkerding and Mrs. Heinecke, and in "their absence, death or disability, or refusal to act, then in the sheriff ; " nowhere is the power given in the mortgage for a delegation of this power to sell, hence no other person could sell save those in the mortgage mentioned. *Clark v. Maguire,* 16 Mo. 302 ; Perry on Trusts, sec. 779; *Clark v. Conway,* 23 Mo. 438 ; *Graham v. King,* 50 Mo. 24 ; *Howard v. Thornton,* 50 Mo. 292 ; *McKnight v. Wimers,* ·38 Mo. 134 ; *Whittelsey v. Hughs,* 39 Mo. 18. (4) As between this mortgage and the "assignment" upon their face, there is no connection, and no connecting link. What mortgage and what notes were assigned ? As it fails to specify any mortgage or notes, or to describe or mention the mortgage of August 17, 1874, or the note therein mentioned, it is a violent presumption to presume

it refers to *that* mortgage rather than any other.   Henry
Norduft is, and has ever been a stranger to this title; even
in the most remote degree, had no power of disposal of
the realty, for none was ever given him.   *McKnight v.
Wimers*, 38 Mo. 134;   *Whittelsey v. Hughs*, 39 Mo. 18;   2
Wash. Real Prop. 121-2, and notes.   (5) Although the "as-
signment" was recorded, it being an instrument not de-
signed to affect nor affecting real estate, its record was a
nullity and not provided for by the statutes, and is no notice
whatever of its contents.   R. S., sec. 691, *et seq.*;   *Bishop
v. Schneider*, 46 Mo. 472;   *Music v. Barney*, 49 Mo. 458;
*McClurg v. Philips*, 57 Mo. 216;   *Cass Co. v. Oldham*,
75 Mo 52;   *Lincoln v. Thompson*, 75 Mo. 637.   (6) Even
though the assignment was of the mortgage, and was good
between the parties, it will not affect the plaintiff, even
if he had actual notice of it, which is not pretended.
*Gatewood v. House*, 65 Mo. 663;   *Cass Co. v. Oldham*, 75
Mo. 52;   *Lincoln v. Thompson*, 75 Mo. 637.   Plaintiff
was not bound to look for the assignment elsewhere than
where the mortgage was recorded.   *Odle v. Odle*, 73 Mo.
294;   *Cass Co. v. Oldham* and *Lincoln v. Thompson, supra.*
(7) Plaintiff had a right to rely upon the records showing
the legal title in his grantor, as the satisfaction discharged
the lien.   The "assignment" gave him no fact or cir-
cumstance whatever to put him on inquiry as to whether
it referred to the mortgage in evidence or not.   (8) De-
fendant is estopped by the facts of the case.   *Bales v.
Perry*, 51 Mo. 451;   *Garnhart v. Finney*, 40 Mo. 462;
*Etilgorge v. M. B. A.*, 69 Mo. 55;   *Melton v. Smith*, 65
Mo. 324.   (9) In order to cancel a deed, fair on its face,
the petition (as at bar, the answer) must state facts sup-
ported by evidence, as by the analogy of equity courts
would have been required formerly in bills of discovery,
and failing in this the law prevails, for where there is
inequality there is no equity.   Story on Eq. Jur., secs. 74
to 74c, inclusive;   *Rutherford v. Williams*, 42 Mo. 247
*et seq.; Clark v. Ins. Co.*, 52 Mo. 276-7.   Defendant
avers that he purchased in *good faith*.   This should

have induced an inquiry as to Norduft, Sr's., power to sell and convey. In this case such an averment is not sufficient to give him hearing in equity. *Lincoln v. Thompson*, 75 Mo. 638; Story's Eq. Juris. (12 Ed.) secs. 74 to 74c, inclusive. "Good faith" requires common honesty, diligence, integrity and childlike innocence, and he should have availed himself of natural necessary information to act with common honesty and diligence. Story's Eq. Juris. (12 Ed.) secs. 64c, 108, 165, 381, 409, 410, 411, 416. Norduft, Sr's., sale not having been authorized by the mortgage or by any law, was unauthorized and void, and hence no equity arises for defendant from it.

*Wilson Cramer* for defendant in error.

(1) The formal assignment indorsed on the mortgage showing also the transfer of the debt was sufficient to transfer the entire interest of the mortgagee. It was not essential that it should be under seal and acknowledged, as it was. 1 Jones on Mort., sec. 786, and notes; *Crimon et al. v. Nelson*, 7 Mo. 466; *Thayer, assignee, v. Campbell et al.*, 9 Mo. 280. (2) It was not necessary to record the assignment, though this was done. 2 Wash. on Real Prop. (3 Ed.) top p. 75. But, if held requisite, the recording was done in the proper manner. 1 Jones on Mort. sec. 477. The assignee's deed to defendant was recorded more than five years before the execution of the conveyance to plaintiff, and in this deed the mortgage and assignment were referred to by *book and page of record*. (3) The position is not denied that a trustee of a naked power cannot delegate his authority; but it is equally well settled that the assignment of a mortgage with power of sale, together with the debt secured, confers upon the assignee the right to execute the power. In the case of *Pickett v. Jones*, the court says: "A power of sale given to a mortgagee on default is appendant or annexed to the estate conveyed; it is coupled with an

interest and is irrevocable." *Pickett v. Jones*, 63 Mo. 195 ; *Pease v. Pilot Knob Iron Co.*, 49 Mo. 124 ; 4 Kent's Com. 147 ; 2 Wash. on Real Prop. ( 3 Ed. ) top pp. 72, 73, and 78, sec. 9 ; *Ibid*, top p. 617, sec 30 ; 2 Jones on Mort., secs. 1785 and 1786 ; 2 Perry on Trusts (2 Ed.) sec. 602 *n*.   (4) The power being appendant or annexed to the estate, it passed to the assignee with the estate, and the provision in the mortgage that, in case of the absence, death, refusal to act or disability in any wise of the mortgagees the sheriff might act, did not change the result.   (5) Defendant was in possession, and plaintiff had record notice of all the transactions concerning the title.   *Jackson v. McGruder*, 51 Mo. 55 ; *Jones v. Mack*, 53 Mo. 147 ; *Honaker v. Shough*, 55 Mo. 472 ; *Russell v. Whitely*, 59 Mo. 196 ; *Wilcox v. Osborn*, 77 Mo. 621 ; 2 Jones on Mortgages, sec. 1678.   (6) The fact that satisfaction was entered can avail plaintiff nothing.   He had notice of the mortgage, and whether the record of the assignment gave him notice in law or not, the assignee's deed to defendant was of record and referred to both the mortgage and the assignment by book and page of record. It was competent to show the circumstances under which satisfaction was entered.   *Valle, Adm'r'x, v. Am. Iron Mountain Co.*, 27 Mo. 455 ; *Chappell v. Allen et al.*, 38 38 Mo. 213 ; *Jones v. Mack*, 53 Mo. 152 ; *Joerdens v. Schrimpf*, 77 Mo. 386.   (7) The deed executed by the mortgageor to plaintiff was a cloud upon defendant's title and being in possession, he was entitled to have the same set aside.   *Merch. Bank v. Evans*, 51 Mo. 335 ; *Dunklin Co. v. Clark*, 51 Mo. 60 ; *Clark v. Ins. Co.*, 52 Mo. 272 ; *Harrington v. Utterback*, 57 Mo. 519.

HENRY, C. J.—This is an action of ejectment for a tract of land in Cape Girardeau county.   The petition is in the usual form, and the answer contains a general denial and an equitable defence, the latter of which, in the view we take of the case, need not be fully set out.   On a trial defendant had a judgment from which this appeal is pro-

secuted.   In 1872 one Heinecke, who owned the land, executed a mortgage with power of sale, by which he conveyed the land to Caroline Heinecke and Henry Volkerding, to secure two notes for eight hundred dollars each, one payable to said Caroline and the other to Volkerding.   The notes bore the same date as the mortgage and shortly after their maturity, the payees severally assigned them to Henry Norduft, and also jointly assigned to him the mortgage, which assignment was on the same day recorded.   On the ninth day of December, 1873, Norduft, assuming that as assignee he had the right to do so, sold the land in pursuance of the terms prescribed in the mortgage, and the defendant became the purchaser at the price of $1,800; and in May, 1874, Henry Norduft, having made a deed to defendant for the land, acknowledged satisfaction of the mortgage on the margin of the record thereof.   In 1880, Christian Heinecke and wife conveyed the land by general warranty deed to the plaintiff, who, it is alleged in the answer, had notice of the sale to defendant.   A few weeks after defendant purchased the land, the mortgageor gave him possession, which he has ever since retained, residing upon the land.

By his purchase at the sale and his deed from Henry Norduft he acquired no legal title to the land.   The assignee had no power to sell.   The power to sell was given to the mortgagees, or, in certain contingencies, to the sheriff of the county.   Their assigns were not named as parties who might sell.   The sale was, therefore, a nullity,   and the legal title remained in the mortgagees, against a purchaser from the mortgageor with notice that the mortgage was unsatisfied.   There was sufficient evidence in this case to prove that plaintiff had notice, and all he acquired by his purchase is the equity of redemption.

The court found the issues for defendant, and we see no reason for disturbing the judgment, and it is affirmed. All concur.